Consuelo Yanet VILLAFRANCO–
ALAS; Sandra Elizabeth Vil-
lafranco–Alas, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 06–70414.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Consuelo Yanet Villafranco–Alas, El
Monte, CA, pro se.

Sandra Elizabeth Villafranco–Alas, El
Monte, CA, pro se.

CAC–District Counsel, Esquire, Office
of the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. Lefevre, Office of the District
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, DOJ–U.S. Depart-
ment of Justice, Washington, DC, for Re-
spondent.

Before: BEEZER, FERNANDEZ, and
W. FLETCHER, Circuit Judges.

MEMORANDUM **

Consuelo Yanet Villafranco–Alas and
her sister Sandra Elizabeth Villafranco–
Alas, natives and citizens of El Salvador,

---

* The panel unanimously finds this case suitable
for decision without oral argument. See Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006), we deny in part and dismiss in part the petition for review.

The court lacks jurisdiction to review the BIA's denial of a request for administrative closure. *See Diaz–Covarrubias v. Mukasey,* 551 F.3d 1114, 1120 (9th Cir. 2009).

 Substantial evidence supports the IJ's finding that petitioners have not demonstrated past persecution on account of family membership, because the lack of detailed or specific evidence surrounding the threats they received and the much earlier death of their grandfather does not "create a pattern of persecution closely tied to the petitioner[s]." *See Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991). Moreover, as the IJ found, petitioners' fear of future persecution is undermined by their similarly-situated family members remaining in El Salvador without harm. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001); *see also Santos–Lemus v. Mukasey,* 542 F.3d 738, 743 (9th Cir.2008) ("Where the claimed group membership is the family, a family member's continuing safety is an even more persuasive factor in considering a petitioner's well-founded fear.").

Because petitioners did not establish asylum eligibility, it necessarily follows that they did not satisfy the more strin-

gent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

 Finally, substantial evidence supports the IJ's denial of CAT relief because petitioners failed to demonstrate that it is more likely than not that they will be tortured if returned to El Salvador. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**